13 CV 0416

SEGAL GEBSKI PLLC
*Attorneys for Defendant*
825 Third Avenue, 16th Floor
New York, New York 10022
(212) 244-2805
By: Aleksandr Altshuler (AA0506)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JONATHAN BARBIERI and JULIAN MEDINA,

                    Plaintiffs,

          v.

RON COOPER,

                    Defendant.



Civil Action No.

---

## NOTICE OF REMOVAL

---

    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Ron Cooper, by his undersigned attorneys, hereby removes this civil action, and all claims and causes of action therein, from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York. In filling this Notice, the Defendant appears for the purpose of removal only and for no other purpose and reserves all rights, claims, and defenses of any nature whatsoever, including, but not limited to, defenses related to service of process, jurisdiction, and venue.

    In support of his Notice of Removal, the Defendant states as follows:

## PROCEDURAL BACKGROUND

1.      On or about October 8, 2012, plaintiffs Jonathan Barbieri and Julian Medina ("Plaintiffs") filed a Summons with Notice against the Defendant in the Supreme Court of the State of New York, County of New York. The Complaint is captioned *Jonathan Barbieri and Julian Medina v. Ron Cooper (Index No. 157037/2012)*, and states a single cause of action for a money judgment, as well as, the basis of venue as plaintiff's place of business at 83 Maiden Lane, New York, New York 10038. The Summons with Notice is attached to this Notice of Removal as Exhibit A.

2.      On or about October 12, 2012, plaintiffs attempted to serve the Summons with Notice by delivering the same to the Defendant's out-of-state residence via USPS Express Mail.

3.      On or about October 26, 2012, plaintiffs allegedly served the Summons with Notice on the Defendant via substituted service by delivering the same to a person of suitable age and discretion at the usual place of abode of the Defendant in Taos County, New Mexico. However, proof of such service was not filed with the state court until December 10, 2012. The Affidavit of Service is attached to this Notice of Removal as Exhibit B.

4.      As of the time of this Notice, the Defendant has not been properly served with process in accordance with the New York Civil Procedure Law and Rules ("CPLR").

5.      As of the filing of this Notice, the case has been assigned to Justice Anil Singh, but the court has not entered any orders in the case.

6.      On or about October 26, 2012, the Defendant served plaintiffs via USPS Express Mail with the demand for a copy of the Verified Complaint pursuant to CPLR § 3012(b). The Demand for Verified Complaint is attached to this Notice of Removal as Exhibit C.

- 2 -

7.      After plaintiffs' failed to comply with the above-mentioned statutory demand, on or about December 6, 2012, the Defendant filed and served his Pre-Answer Motion to Dismiss pursuant to CPLR § 3012(b), made returnable on January 7, 2013. The Defendant's Pre-Answer Motion to Dismiss is attached to this Notice of Removal as Exhibit D. This motion was later adjourned on consent of all parties to January 25, 2013.

8.      Subsequently, on or about December 10, 2012, Plaintiffs filed and served their Cross-Motion pursuant to CPLR § 3012(d) for the extension of time to file and serve the Complaint in this case, returnable contemporarily with the Defendant's Pre-Answer Motion to Dismiss. The Cross-Motion is attached to this Notice of Removal as Exhibit E.

9.      On or about December 21, 2012, plaintiffs filed with the state court an unverified Complaint that pleads a single cause of action for defamation. Defendant received a copy of the Complaint on or about December 21, 2012. This Complaint was promptly rejected by the undersigned upon receipt thereof. The Complaint is attached to this Notice of Removal as Exhibit F.

10.      On or about January 4, 2013, the parties entered into a Stipulation to adjourn the motion and cross-motion return date until January 25, 2013. The Stipulation is attached to this Notice as Exhibit G.

11.      On or about January 16, 2013, the Defendant duly filed and served his opposition to plaintiffs' cross-motion as well as the Defendant's Pre-Answer Cross-Cross-Motion pursuant to CPLR 8303-a, seeking sanctions against plaintiffs and their attorneys for frivolous litigation. The Defendant's Pre-Answer Cross-Cross-Motion is attached to this Notice of Removal as Exhibit H.

12.     As of the time of this Notice, the above-mentioned motion, cross-motion and cross-cross-motion are pending in the state court before Hon. Anil Singh. The list of all the documents filed in this case in the New York County Supreme Court that also reflects assignment of the case to Hon. Anil Singh is attached to this Notice of Removal as Exhibit I.

13.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Defendant and each of the plaintiffs are citizens of different states, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

<b><u>JURISDICTIONAL GROUNDS</u></b>

14.     The Defendant is authorized to remove this action under 28 U.S.C. § 1441 because this Court has original jurisdiction over this civil action. That jurisdiction arises under 28 U.S.C. § 1332(a) because the Defendant and each of the plaintiffs are citizens of different states, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

15.     Plaintiff Jonathan Barbieri is, and was at the time the action was commenced, an individual residing in the country of Mexico. *See* Compl. ¶ 1. However, the Defendant lacks information regarding whether Plaintiff Jonathan Barbieri is a citizen or a subject of the country of Mexico.

16.     Plaintiff Julian Medina is, and was at the time the action was commenced, an individual residing and domiciled in the State of New York. *See* Compl. ¶ 2.

17.     Defendant is, and was at the time the action was commenced, an individual residing in the State of New Mexico.

18.     Because Defendant is and was a resident of New Mexico, and each of the plaintiffs are and were residents of Mexico and New York, complete diversity of citizenship exists, and existed at the time the action was commenced.

19.     Although, the Summons with Notice make it apparent that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, because it seeks damages in the amount not less than $10,000,000.00, it was not intelligently ascertainable where plaintiffs reside from the face thereof.

## REMOVAL PROCEDURE

20.     Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely. Further, removal is permissible under 28 U.S.C. § 1441(b).

21.     Pursuant to 28 U.S.C. § 1446(d), the Defendant will promptly serve a copy of this Notice of Removal on counsel for plaintiffs, and will file a copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York, County of New York.

WHEREFORE, the Defendant requests that this action proceed in the United States District Court for the Southern District of New York as an action properly removed thereto.

Dated: New York, New York
       January 16, 2013

SEGAL GEBSKI PLLC
*Attorneys for Defendant*

By: _____
       Aleksandr Altshuler (AA0506)
       825 Third Avenue, 16th Floor
       New York, New York 10022
       (212) 244-2805

- 5 -

TO:   Lawrence F. Morrison, Esq.
       Morrison Law Offices, P.C.
       *Attorneys for Plaintiffs*
       87 Walker Street, 2nd Floor
       New York, New York 10013
       (212) 620-0938

Exhibit A

FILED: NEW YORK COUNTY CLERK 10/08/2012                    INDEX NO. 157037/2012
NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 10/08/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
JONATHAN BARBIERI AND
JULIEN MEDINA

                Date Purchased:
                Plaintiff,

    - against -                        SUMMONS WITH NOTICE

RON COOPER

                Defendant.        The Basis of Venue is
                              Plaintiff's Place of Business
                              83 Maiden Lane
                              New York, NY 10038
-----------------------------------------------------------------X

To the above named Defendants:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and
to serve a copy of your answer, or, if the complaint is not served with this summons, to
serve a notice of appearance, on the undersigned, attorneys for the Plaintiff, Lawrence F.
Morrison, Esq., MORRISON LAW OFFFICES PC, 87 Walker Street, 2nd Floor, New
York, New York 10013, within (20) twenty days after service of this summons, exclusive
of the date of service, or within (30) thirty days after service is complete, if service is
made by any method other than personal delivery to you within the State of New York.

    In the event of your failure to appear or answer the complaint herein, judgment
will be taken against you upon default for the relief sought in the complaint.

Dated: New York, New York
       September 28, 2012

                                  MORRISON LAW OFFICES PC

                                  By:

                                  Lawrence Morrison, Esq.
                                  87 Walker Street 2nd Floor
                                  New York, New York 10013
                                  (212) 620-0938

*NOTICE:* The nature of the first cause of action for a money judgment for Damages in the sum of not less than Ten Million ( $10,000,000.00) Dollars together with statutory interest.

Upon your failure to appear, a judgment will be entered against you for Damages on Plaintiffs first cause of action in the sum of Ten Million ($10,000,000.00) Dollars together with statutory interest.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X

JONATHAN BARBIERI AND
JULIEN MEDINA

                Plaintiff,

    - against -

RON COOPER

                Defendant.

-----------------------------------------------------------------------X

---

## SUMMONS WITH NOTICE

MORRISON LAW OFFICES P.C.
Complies with rule 130-1-1a

Lawrence Morrison, Esq.
87 Walker Street 2nd Floor
New York, New York 10013
(212) 620-0938

Exhibit B

FILED: NEW YORK COUNTY CLERK 12/10/2012

NYSCEF DOC. NO. 5

INDEX NO. 157037/2012

RECEIVED NYSCEF: 12/10/2012

Index # 157037/2012

# RETURN OF SERVICE

# 1008

STATE OF NEW MEXICO )

COUNTY OF _TAOS_ )

RECEIVED
OCT 2 0 2
TAOS COUNTY
SHERIFF

I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served the within Notice Regarding Availability of Electronic Filing, and Summons with Notice in said County on 26 day of _OCT_ , 2012, by delivering a copy thereof, in the following manner: (check one box and fill in appropriate blanks)

[ ]     to Defendant (used when Defendant receives copy of Summons or refuses to receive Summons)

[✓]     to _SANDRA LERNER_ , a person over fifteen (15) years of age and residing at the usual place of abode of Defendant _RON COOPER_ , who at the time of such service was absent there from.

[ ]     by posting a copy of the Summons and Petition in the most public part of the premises of Defendant_____ (used if no person found at dwelling house or usual place of abode)

[ ]     to _____ , an agent authorized to receive service of process for Defendant _____ .

[ ]     to _____ , (parent) (guardian) of Defendant _____ . (used when Defendant is a minor or an incompetent person)

[ ]     to _____ (name and title of person authorized to receive service) (used when Defendant is corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)

_____
Signature of Person Making Service

DEPUTY II  TCSO
_____
Title [if any]

*SUBSCRIBED AND SWORN TO before me this_____ day of _____ , 200____ .

_____
Judge, Notary or Other Officer authorized to Administer Oaths

_____
Official Title

*If service is made by the sheriff or a deputy sheriff of a New Mexico county,
the signature of the sheriff or deputy sheriff need not be notarized

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
JONATHAN BARBIERI and JULIEN MEDINA,

              Plaintiffs,                   Index No.  157037/2012

    -against-

RON COOPER,

              Defendant.
-------------------------------------------------------------------------X

## AFFIDAVIT OF SERVICE

The Morrison Law Offices, PC
Complies with Rule 130-1-1a

Lawrence F. Morrison, Esq.
87 Walker Street, Floor 2
New York, New York 10013
(T) 212-620-0938
(F) 646-390-5095

Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------x
JONATHAN BARBIERI and JULIEN MEDINA,      Index No.: 157037/2012

                     Plaintiffs,      **DEMAND FOR VERIFIED**
                                    **COMPLAINT**

      -against-

RON COOPER,

                    Defendant.
-------------------------------------------x

S I R S   O R   M A D A M S :

     **PLEASE TAKE NOTICE** that the Defendant, RON COOPER, by his attorneys, SEGAL GEBSKI PLLC, hereby demands a copy of the Verified Complaint pursuant to CPLR § 3012.

DATED:  NEW YORK, NEW YORK
         October 26, 2012

                          Yours, etc.

                          _____
                          Aleksandr Altshuler, Esq.
                          SEGAL GEBSKI PLLC
                          *Attorneys for Defendant*
                          110 Wall Street, 21st Floor
                          New York, New York 10005
                          Tel: (212) 244-2805
                          Fax: (866) 398-4999

TO:  LAWRENCE MORRISON, ESQ.
     MORRISON LAW OFFICES P.C.
     *Attorneys for Plaintiffs*
     87 Walker Street, 2nd Floor
     New York, New York 10013
     Tel: (212) 620-0938

AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
COUNTY OF NEW YORK )    ss.:

GRETA KRET, being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

That on the 26th day of October, 2012 deponent served the within **DEFENDANT'S DEMAND FOR VERIFIED COMPLAINT**, by depositing a copy thereof enclosed in a postpaid addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State addressed to the following persons at the last known address furnished by them:

LAWRENCE MORRISON, ESQ.
MORRISON LAW OFFICES P.C.
*Attorneys for Plaintiffs*
87 Walker Street, 2nd Floor
New York, New York 10013

GRETA KRET

Sworn to before me this
26th day of October, 2012.

Notary Public

ALTSHULER ALEKSANDR
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL6267680
Qualified in Kings County
My Commission Expires August 20, 2016

Index No.: 157037/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------
JONATHAN BARBIERI and JULIEN MEDINA,

                                        Plaintiffs,

      -against-


RON COOPER,

                                        Defendant.
--------------------------------------------------------------------


## DEFENDANT'S DEMAND FOR
## VERIFIED COMPLAINT


SEGAL GEBSKI PLLC
*Attorneys for Defendant*
Office and P.O. Address
110 Wall Street, 21st Floor
New York, New York 10005
Tel: (212) 244-2805
Fax: (866) 398-4999

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.

                                        _____
                                        Aleksandr Altshuler, Esq.

Exhibit D

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------x
JONATHAN BARBIERI and JULIEN MEDINA,

                      Plaintiffs,

        -against-

RON COOPER,

                      Defendant.
-------------------------------------------x

Index No.: 157037/2012

**NOTICE OF DEFENDANT'S
PRE-ANSWER MOTION TO
DISMISS**

S I R S   O R   M A D A M S:

    **PLEASE TAKE NOTICE**, that upon the affirmation of Aleksandr Altshuler, Esq., dated December 6, 2012, the annexed exhibits, and upon all prior pleadings and proceedings, Defendant RON COOPER will move this Court at Motion Support Part of this Court, Room 130, at the courthouse located at 60 Centre Street, New York, New York, on **January 7, 2013 at 9:30 A.M.**, or as soon thereafter as counsel can be heard, for an Order dismissing the above-captioned matter pursuant to CPLR § 3012(b) due to Plaintiffs' failure to comply with Defendant's demand for a copy of the Verified Complaint pursuant to CPLR § 3012(b), and for such other and further relief as to this court may seem just and proper.

    **PLEASE TAKE FURTHER NOTICE**, pursuant to CPLR § 2214(b), answering papers in opposition to this motion, if any, are to be served at least seven (7) days prior to the return date of this motion.

DATED:   NEW YORK, NEW YORK
         December 6, 2012

                              Yours, etc.,


                              _____
                              Aleksandr Altshuler, Esq.
                              SEGAL GEBSKI PLLC
                              *Attorneys for Defendant*
                              825 Third Avenue, 16th Floor
                              New York, New York 10022
                              Tel: (212) 244-2805
                              Fax: (866) 398-4999


TO:   LAWRENCE MORRISON, ESQ.
      MORRISON LAW OFFICES P.C.
      *Attorneys for Plaintiffs*
      87 Walker Street, 2nd Floor
      New York, New York 10013
      Tel: (212) 620-0938

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------x
JONATHAN BARBIERI and JULIEN MEDINA,      Index No.: 157037/2012

                    Plaintiffs,
                                          **AFFIRMATION IN SUPPORT OF**
                                          **DEFENDANT'S PRE-ANSWER**
       -against-                          **MOTION TO DISMISS**


RON COOPER,

                    Defendant.
------------------------------------------x


       ALEKSANDR ALTSHULER, an attorney duly admitted to practice
before the Courts of the State of New York, affirms the following
under penalties of perjury:

       1.   I am an attorney at Segal Gebski PLLC, attorneys for
Defendant RON COOPER, and am familiar with the facts and
circumstances of this matter based on our firm's reasonable
investigation of this matter.

       2.   I make this Affirmation in Support of Defendant's pre-
Answer Motion to Dismiss the above-captioned matter pursuant to
CPLR § 3012(b) due to Plaintiffs' failure to comply with
Defendant's demand for a copy of the Verified Complaint pursuant
to CPLR § 3012(b).

       3.   Upon information and belief, on or about October 8,
2012, Plaintiffs instituted this action by filing a Summons with
Notice with the New York County Clerk. Please see a copy of the
said Summons with Notice attached hereto as **Exhibit A**.

       4.   Upon information and belief, on or about October 12,
2012, Plaintiffs attempted to serve the Summons with Notice by
delivering the same to Defendant's out-of-state residence via USPS
Express Mail.

                              1

5.   On or about October 26, 2012, Defendant served on Plaintiffs' counsel via USPS Express Mail the demand for a copy of the Verified Complaint pursuant to CPLR § 3012(b). Please see a copy of the said Demand for Verified Complaint attached hereto as **Exhibit B**.

6.   On or about November 5, 2012, the Demand for Verified Complaint was delivered to Plaintiffs' counsel and B. Connols signed the USPS form acknowledging receipt thereof. Please see a copy of the USPS Proof of Delivery attached hereto as **Exhibit C**.

7.   Pursuant to CPLR § 3012(b), Plaintiffs had twenty (20) days from the service of Defendant's Demand for Verified Complaint to serve the complaint. To date, no complaint was received.

8.   Further, CPLR § 3012(b), states in pertinent part, that "[t]he court upon motion may dismiss the action if service of the complaint is not made as provided in this subdivision."

9.   Accordingly, this Court should dismiss the above-captioned action due to Plaintiffs' failure to comply with Defendant's demand for a copy of the Verified Complaint pursuant to CPLR § 3012(b).

WHEREFORE, it is respectfully requested that the Defendant's Motion to Dismiss be granted in its entirety, dismissing this action due to Plaintiffs' failure to comply with Defendant's demand for a copy of the Verified Complaint pursuant to CPLR § 3012(b), and for such other and further relief as the Court deems just and proper.

DATED:   New York, New York
         December 6, 2012

                                        Yours etc.,

                                        _____
                                        Aleksandr Altshuler, Esq.
                                        SEGAL GEBSKI PLLC
                                        *Attorneys for Defendant*
                                        825 Third Avenue, 16th Floor
                                        New York, New York 10022
                                        (212) 244-2805

CC:   LAWRENCE MORRISON, ESQ.
      MORRISON LAW OFFICES P.C.
      *Attorneys for Plaintiffs*
      87 Walker Street, 2nd Floor
      New York, New York 10013
      Tel: (212) 620-0938

EXHIBIT A

FILED: NEW YORK COUNTY CLERK 10/08/2012

NYSCEF DOC. NO. 1

INDEX NO. 157037/2012

RECEIVED NYSCEF: 10/08/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------X

JONATHAN BARBIERI AND
JULIEN MEDINA

                Date Purchased:
                   Plaintiff,

      - against -                        SUMMONS WITH NOTICE

RON COOPER

              Defendant.        The Basis of Venue is
                                  Plaintiff's Place of Business
                                  83 Maiden Lane
                                  New York, NY 10038
--------------------------------------------------------------------X

**To the above named Defendants:**

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the undersigned, attorneys for the Plaintiff, Lawrence F. Morrison, Esq., MORRISON LAW OFFFICES PC, 87 Walker Street, 2nd Floor, New York, New York 10013, within (20) twenty days after service of this summons, exclusive of the date of service, or within (30) thirty days after service is complete, if service is made by any method other than personal delivery to you within the State of New York.

      In the event of your failure to appear or answer the complaint herein, judgment will be taken against you upon default for the relief sought in the complaint.

Dated: New York, New York
        September 28, 2012

                                     MORRISON LAW OFFICES PC

                                     By:

                                     Lawrence Morrison, Esq.
                                     87 Walker Street 2nd Floor
                                     New York, New York 10013
                                     (212) 620-0938

*NOTICE:* The nature of the first cause of action for a money judgment for Damages in the sum of not less than Ten Million ( $10,000,000.00) Dollars together with statutory interest.

Upon your failure to appear, a judgment will be entered against you for Damages on Plaintiffs first cause of action in the sum of Ten Million ($10,000,000.00) Dollars together with statutory interest.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
JONATHAN BARBIERI AND
JULIEN MEDINA

Plaintiff,

- against -

RON COOPER

Defendant.
-----------------------------------------------------------------X

## SUMMONS WITH NOTICE

MORRISON LAW OFFICES PC
Complies with rule 130-1-1a

Lawrence Morrison, Esq.
87 Walker Street 2nd Floor
New York, New York 10013
(212) 620-0938

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF New York

-------------------------------------------------------------------X
Jonathan Barbieri and Julien Medina

                        Plaintiff(s)/Petitioner(s),              Index No. _157037/2012_

        - against -

Ron Cooper

                        Defendant(s)/Respondent(s).
-------------------------------------------------------------------X

## NOTICE REGARDING AVAILABILITY OF ELECTRONIC FILING
## SUPREME COURT CASES

      PLEASE TAKE NOTICE that plaintiff(s)/petitioner(s) [defendant(s)/respondent(s)] in the case captioned above intends that this matter proceed as an electronically-filed case in the New York State Courts Electronic Filing System ("NYSCEF") in accordance with the procedures therefor, set forth in Uniform Rule 202.5-b and described below. Under that Rule, filing and service of papers by electronic means cannot be made by a party nor can electronic service be made upon a party unless that party has consented to use of the System for the case in question. Within ten days after service of this Notice, each party served should indicate whether or not it consents to electronic filing and service through NYSCEF for this case. (See Instruction # 2 below.)

### General Information

      Electronic filing offers significant benefits for attorneys and litigants, permitting documents to be filed with the County Clerk and the court and served, between or among consenting parties, by posting the documents on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. There is no fee to use the NYSCEF System, whether for filing, service, or consultation of the electronic docket, nor is there a charge to print documents from the docket. Normal filing fees must be paid, but this can be done by credit or debit card on-line. For additional procedures and information, see Uniform Rule 202.5-b, any e-filing protocol that may have been promulgated by the court in question, and the NYSCEF Website at www.nycourts.gov/efile.

Instructions

1. Service of this Notice constitutes consent to e-filing and a statement of intent by the undersigned to use the NYSCEF System in this case. When an action or proceeding is being commenced through the NYSCEF System, this Notice must accompany service of the initiating papers.

2. Within ten days after service of this Notice, the party served should consent to e-filing either: (i) by filing with the court and serving on all parties of record a consent to e-filing, or (ii) if the party or attorney of record is an authorized e-filing user, by filing the consent electronically in the manner provided at the NYSCEF site. If one party or some but fewer than all parties consent, NYSCEF may be used by and between or among consenting parties.

3. Each participating attorney, unless already registered, or self-represented party must PROMPTLY complete a Filing User Registration form (see the "Forms" section of the Website) and submit it to the NYSCEF Resource Center (efile@courts.state.ny.us) in order to obtain the confidential Filing User Identification Number and Password necessary to use the system.

4. For additional information about NYSCEF, see the *User's Manual* and *Frequently Asked Questions* on the Website, or contact the court in question or the NYSCEF Resource Center (at 646-386-3033 or efile@courts.state.ny.us).

Dated: 10/09/12

Lawrence Morrison _____ (Name)

Morrison Law Offices PC (Firm)

87 Walker Street, Floor 2 (Address)

New York, NY 10013

(212) 620-0938 (Phone)

(646) 390-5095 (Fax)

_____ (E-Mail)

Attorney(s) for Plaintiffs _____

4/14/11



EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------x
JONATHAN BARBIERI and JULIEN MEDINA,                   Index No.: 157037/2012

                               Plaintiffs,             DEMAND FOR VERIFIED
                                                       COMPLAINT

          -against-


RON COOPER,

                               Defendant.
------------------------------------------------x

S I R S   O R   M A D A M S :


     **PLEASE TAKE NOTICE** that the Defendant, RON COOPER, by his

attorneys, SEGAL GEBSKI PLLC, hereby demands a copy of the Verified

Complaint pursuant to CPLR § 3012.


DATED:  NEW YORK, NEW YORK
        October 26, 2012


                                   Yours, etc.



                                   _____
                                   Aleksandr Altshuler, Esq.
                                   SEGAL GEBSKI PLLC
                                   *Attorneys for Defendant*
                                   110 Wall Street, 21st Floor
                                   New York, New York 10005
                                   Tel: (212) 244-2805
                                   Fax: (866) 398-4999


TO:  LAWRENCE MORRISON, ESQ.
     MORRISON LAW OFFICES P.C.
     *Attorneys for Plaintiffs*
     87 Walker Street, 2nd Floor
     New York, New York 10013
     Tel: (212) 620-0938

AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
COUNTY OF NEW YORK       )      ss.:


GRETA KRET, being duly sworn, deposes and says:

That deponent is not a party to the action, is over 18 years of age and resides in Brooklyn, New York.

That on the 26th day of October, 2012 deponent served the within **DEFENDANT'S DEMAND FOR VERIFIED COMPLAINT**, by depositing a copy thereof enclosed in a postpaid addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State addressed to the following persons at the last known address furnished by them:

    LAWRENCE MORRISON, ESQ.
    MORRISON LAW OFFICES P.C.
    *Attorneys for Plaintiffs*
    87 Walker Street, 2nd Floor
    New York, New York 10013


                                          GRETA KRET


Sworn to before me this
26th day of October, 2012.



_____
    Notary Public

ALTSHULER ALEKSANDR
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL6267680
Qualified in Kings County
My Commission Expires August 20, 2016

Index No.: 157037/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------
JONATHAN BARBIERI and JULIEN MEDINA,

                                              Plaintiffs,

        -against-


RON COOPER,

                                              Defendant.
-------------------------------------------------------------------


## DEFENDANT'S DEMAND FOR VERIFIED COMPLAINT


SEGAL GEBSKI PLLC
*Attorneys for Defendant*
Office and P.O. Address
110 Wall Street, 21st Floor
New York, New York 10005
Tel: (212) 244-2805
Fax: (866) 398-4999


Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.

                                    Aleksandr Altshuler, Esq.

EXHIBIT C

English     Customer Service     USPS Mobile                                          Register / Sign In

# USPS.COM

Search USPS.com or Track Packages

Quick Tools          Ship a Package      Send Mail      Manage Your Mail      Shop      Business Solutions

# Track & Confirm

GET EMAIL UPDATES

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| | Express Mail® | Delivered | November 05, 2012, 4:31 pm | NEW YORK, NY 10013 | Guaranteed By: October 27, 2012, 12:00 PM Return Receipt Proof of Delivery |
| | | Notice Left (Business Closed) | October 27, 2012, 10:29 am | NEW YORK, NY 10013 | |
| | | Processed through USPS Sort Facility | October 26, 2012, 7:20 pm | NEW YORK, NY 10022 | |
| | | Acceptance | October 26, 2012, 7:00 pm | NEW YORK, NY 10022 | |
| | | Processed through USPS Sort Facility | October 26, 2012, 5:03 pm | NEW YORK, NY 10199 | |

## Check on Another Item

What's your label (or receipt) number?

LEGAL                          ON USPS.COM                    ON ABOUT.USPS.COM              OTHER USPS SITES
Privacy Policy ›               Government Services ›          About USPS Home ›              Business Customer Gateway ›
Terms of Use ›                 Buy Stamps & Shop ›            Newsroom ›                     Postal Inspectors ›
FOIA ›                         Print a Label with Postage ›   Mail Service Updates ›         Inspector General ›
No FEAR Act EEO Data ›         Customer Service ›             Forms & Publications ›         Postal Explorer ›
                               Site Index ›                   Careers ›

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MORRISON LAW OFFICES PC
87 WALKER STREET
2nd FLOOR
NEW YORK, NY 10013
ATTN: LAWRENCE MORRISON

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____ ☐ Agent
                          ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
B. Connol                          11/5/12

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail   ☒ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)

EB 4379 8412 5US

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

Index No.: 157037/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
JONATHAN BARBIERI and JULIEN MEDINA,

                                        Plaintiffs,

                    -against-


RON COOPER,

                                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


AFFIRMATION IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS


SEGAL GEBSKI PLLC
*Attorneys for Defendant*
Office and P.O. Address
825 Third Avenue, 16th Floor
New York, New York 10022
Tel: (212) 244-2805
Fax: (866) 398-4999


Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.

                                   _____
                                   Aleksandr Altshuler, Esq.

AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
COUNTY OF NEW YORK         )      ss.:


LUKASZ BIENIEK, being duly sworn, deposes and says:

That he is not a party to the action, is over 18 years of age and resides in New York, New York.

That on the 6th day of December, 2012 he served the within this **DEFENDANT'S PRE-ANSWER MOTION TO DISMISS** by depositing a copy thereof enclosed in a postpaid addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State addressed to the following person at the last known address furnished by them:

> LAWRENCE MORRISON, ESQ.
> MORRISON LAW OFFICES P.C.
> *Attorneys for Plaintiffs*
> 87 Walker Street, 2nd Floor
> New York, New York 10013

LUKASZ BIENIEK

Signed and sworn to before me
this 6th day of December, 2012.

Notary Public

ALTSHULER ALEKSANDR
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL6267680
Qualified in Kings County
My Commission Expires August 20, 2016

Index No.: 157037/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
JONATHAN BARBIERI and JULIEN MEDINA,

                                        Plaintiffs,

          -against-


RON COOPER,

                                        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


DEFENDANT'S PRE-ANSWER MOTION TO DISMISS


SEGAL GEBSKI PLLC
*Attorneys for Defendant*
Office and P.O. Address
825 Third Avenue, 16th Floor
New York, New York 10022
Tel: (212) 244-2805
Fax: (866) 398-4999


Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.

                                        _____
                                        Aleksandr Altshuler, Esq.

# REQUEST FOR JUDICIAL INTERVENTION
UCS-840 (7/2012)

| | For Court Clerk Use Only: |
|---|---|
| | IAS Entry Date |
| | Judge Assigned |
| | RJI Date |

Supreme _____ COURT, COUNTY OF New York ▼

Index No: _____ 157037/2012 _____ Date Index Issued: _____ 10/08/2012

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

JONATHAN BARBIERI and JULIEN MEDINA,

Plaintiff(s)/Petitioner(s)

-against-

RON COOPER,

Defendant(s)/Respondent(s)

## NATURE OF ACTION OR PROCEEDING:   Check ONE box only and specify where indicated.

**MATRIMONIAL**
- ○ Contested
  NOTE: For all Matrimonial actions where the parties have children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum. For Uncontested Matrimonial actions, use RJI form UD-13.

**TORTS**
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental: _____
  (specify)
- ○ Medical, Dental, or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability: _____
  (specify)
- ○ Other Negligence: _____
  (specify)
- ○ Other Professional Malpractice: _____
  (specify)
- ⦿ Other Tort: Defamation
  (specify)

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution   [see NOTE under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other: _____
  (specify)

**COMMERCIAL**
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ○ Contract
- ○ Insurance (where insurer is a party, except arbitration)
- ○ UCC (including sales, negotiable instruments)
- ○ Other Commercial: _____
  (specify)
  NOTE: For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the COMMERCIAL DIV RJI Addendum.

**REAL PROPERTY:**  How many properties does the application include? _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):   ○ Residential   ○ Commercial
  Property Address: _____
  Street Address     City     State     Zip
  NOTE: For Mortgage Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the FORECLOSURE RJI Addendum.
- ○ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ○ Tax Foreclosure
- ○ Other Real Property: _____
  (specify)

**SPECIAL PROCEEDINGS**
- ○ CPLR Article 75 (Arbitration)   [see NOTE under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene: _____
  (specify)
- ○ Other Special Proceeding: _____
  (specify)

## STATUS OF ACTION OR PROCEEDING:   Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
|---|---|---|---|
| Has a summons and complaint or summons w/notice been filed? | ⦿ | ○ | If yes, date filed: 10/08/2012 |
| Has a summons and complaint or summons w/notice been served? | ○ | ⦿ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ⦿ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION:**   Check ONE box only AND enter additional information where indicated.

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice      Date Issue Joined: _____
- ◉ Notice of Motion                    Relief Sought: Dismiss                    ▽ Return Date: January 7, 2013
- ○ Notice of Petition                  Relief Sought: Alternate Service          Return Date: _____
- ○ Order to Show Cause                 Relief Sought: Alternate Service          Return Date: _____
- ○ Other Ex Parte Application          Relief Sought: Alternate Service
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

**RELATED CASES:**   List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases. If additional space is required, complete and attach the **RJI Addendum**. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**PARTIES:**   For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and e-mail address in space provided. If additional space is required, complete and attach the **RJI Addendum**.

| Un-Rep | Parties: List parties in caption order and indicate party role(s) (e.g. defendant; 3rd-party plaintiff). | Attorneys and/or Unrepresented Litigants: Provide attorney name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case. For unrepresented litigants, provide address, phone number and e-mail address. | Issue Joined (Y/N): | Insurance Carrier(s): |
|---|---|---|---|---|
| ☐ | BARBIERI — Last Name<br>JONATHAN — First Name<br>Primary Role: Plaintiff<br>Secondary Role (if any): Plaintiff | Morrison — Last Name      Lawrence — First Name<br>MORRISON LAW OFFICES P.C. — Firm Name<br>87 Walker Street, 2nd Floor — Street Address      New York — City      New York ▽ — State      10013 — Zip<br>2126200938 — Phone      6463905095 — Fax      lmorrison@lfm-law.com — e-mail | ○YES<br>◉NO | |
| ☐ | MEDINA — Last Name<br>JULIEN — First Name<br>Primary Role: Plaintiff<br>Secondary Role (if any): Plaintiff | Morrison — Last Name      Lawrence — First Name<br>MORRISON LAW OFFICES P.C. — Firm Name<br>87 Walker Street, 2nd Floor — Street Address      New York — City      New York ▽ — State      10013 — Zip<br>2126200938 — Phone      6463905095 — Fax      lmorrison@lfm-law.com — e-mail | ○YES<br>◉NO | |
| ☐ | COOPER — Last Name<br>RON — First Name<br>Primary Role: Defendant ▽<br>Secondary Role (if any): Defendant ▽ | Gebski — Last Name      Marius — First Name<br>SEGAL GEBSKI PLLC — Firm Name<br>825 Third Avenue, 16th Floor — Street Address      New York — City      New York ▽ — State      10022 — Zip<br>2122442805 — Phone      8663984999 — Fax      mgebski@gebskilaw.com — e-mail | ○YES<br>◉NO | |
| ☐ | Last Name<br>First Name<br>Primary Role: Plaintiff<br>Secondary Role (if any): Plaintiff | Last Name      First Name<br>Firm Name<br>Street Address      City      Alabama — State      Zip<br>Phone      Fax      e-mail | ○YES<br>○NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.**

Dated: 12/6/2012

_____                              SIGNATURE
5018700                                              Aleksandr Altshuler, Esq.
ATTORNEY REGISTRATION NUMBER                         PRINT OR TYPE NAME

Print Form

Index No.: 157037/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------
JONATHAN BARBIERI and JULIEN MEDINA,

                                        Plaintiffs,

            -against-


RON COOPER,

                                        Defendant.
-----------------------------------------------------------------------

## REQUEST FOR JUDICIAL INTERVENTION

SEGAL GEBSKI PLLC
*Attorneys for Defendant*
Office and P.O. Address
825 Third Avenue, 16th Floor
New York, New York 10022
Tel: (212) 244-2805
Fax: (866) 398-4999

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document(s) are not frivolous.

_____
Aleksandr Altshuler, Esq.

Exhibit E

INDEX NO. 157037/2012

NYSCEF DOC. NO. 4

RECEIVED NYSCEF: 12/10/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------X
JONATHAN BARBIERI and JULIEN MEDINA,

                Plaintiffs,                  Index No. 157037/2012

     -against-

                                        NOTICE OF CROSS-MOTION

RON COOPER,

                Defendant.
-----------------------------------------------------------------X

       PLEASE TAKE NOTICE that upon the annexed affirmation of Lawrence F. Morrison,

and upon all the prior pleadings and proceedings had herein, Plaintiff will move this court,

located at 60 Centre Street, New York, New York, in the Motion Support Courtroom, Room 130,

on the 7th day of January, 2013, at 9:30 A.M. or as soon thereafter as can be heard, for an order,

pursuant to Civil Practice Law and Rules ("CPLR") § 3012(d), granting Plaintiff an extension of

time by which it can file and serve a complaint in the above captioned case, and for such other

and further relief as this Court may deem just and proper.

Dated: New York, New York
       December 7, 2012

                              THE MORRISON LAW OFFICES, PC

                              By: Lawrence F. Morrison, Esq.
                              *Counsel to Plaintiff*
                              87 Walker Street, 2nd Floor
                              New York, NY 10013
                              (212) 620-0938

TO:
Aleksandr Altshuler, Esq.
SEGAL GEBSKI PLLC
825 Third Avenue, 16th Floor
New York, New York 10022

The Morrison Law Offices, PC
87 Walker Street, Floor 2
New York, New York 10013
(212) 620-0938

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
JONATHAN BARBIERI and JULIEN MEDINA,

                          Plaintiffs,                          Index No. 157037/2012

          -against-
                                                              AFFIRMATION IN SUPPORT
RON COOPER,

                          Defendant.
-------------------------------------------------------------------X

          LAWRENCE F. MORRISON, an attorney admitted to practice law in the State of New

York, affirms the following to be true under the penalties of perjury:

          1.       I am the attorney of record for Plaintiffs, Jonathan Barbieri and Julien Medina,

and as such, am familiar with the facts and circumstances of this case.

          2.       Plaintiff commenced this action by filing a Summons with Notice ("Process") on

October 8, 2012.

          3.       On October 26, 2012, Defendant served Plaintiff, via electronic filing, with a

Notice of Appearance and Demand for Complaint.

          4.       On or around December 6, 2012, Defendant served Plaintiff with a Motion to

Dismiss pursuant to CPLR § 3012(b), made returnable for January 7, 2013.

          5.       Accordingly, Plaintiff submits this cross-motion seeking an extension of time,

pursuant to Civil Practice Law and Rules ("CPLR") § 3012(d), for filing and serving the

complaint in this matter.

6.    Pursuant to CPLR § 3012(d), the Court may extend the time to appear or plead upon a showing of reasonable excuse for delay or default.

7.    Plaintiff needs additional time to get information from the client.

8.    No request for this or similar relief has been requested previously.

WHEREFORE, LAWRENCE F. MORRISON, ESQ., requests an Order extending the time by which Plaintiff can file and serve an answer in this case.

Dated:      New York, New York
            December 7, 2012

                                        _____
                                        Lawrence F. Morrison, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X
JONATHAN BARBIERI and JULIEN MEDINA,

                Plaintiffs,               Index No.  157037/2012

   -against-

RON COOPER,

                Defendant.
-------------------------------------------------------------------------X


## PLAINTIFF'S CROSS-MOTION FOR
## EXTENSION OF TIME TO FILE COMPLAINT


The Morrison Law Offices, PC
Complies with Rule 130-1-1a


Lawrence F. Morrison, Esq.
87 Walker Street, Floor 2
New York, New York 10013
(T) 212-620-0938
(F) 646-390-5095

Exhibit F

FILED: NEW YORK COUNTY CLERK 12/21/2012 Case 1:13-cv-00416-RPP Document 1-2 Filed 01/17/13 Page 50 of 73 INDEX NO. 157037/2012

NYSCEF DOC. NO. 7                                                          RECEIVED NYSCEF: 12/21/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X
JONATHAN BARBIERI and JULIAN MEDINA

                Plaintiffs,                      Index No. 157037/2012

    -against-

                                                **COMPLAINT**

RON COOPER

                Defendant.
------------------------------------------------------------------X

        Plaintiffs Jonathan Barbieri ("Barbieri") and Julian Medina ("Medina"), through their undersigned attorneys, allege as follows for their Complaint against Defendant Ron Cooper ("Cooper"), and respectfully submit:

        1.     One of the The Plaintiffs' in this action Jonathan Barbieri ("Barbieri") resides in the Country of Mexico. Barbieri is a prominent artist and maker of Mezcal.

        2.     The other Plaintiff in this action Julian Medina ("Medina") resides in New York, New York. Medina is a renowned chef and entrepreneur.

        3.     The Defendant in this action Ron Cooper resides in the City of Taos, in the State of New Mexico.

### AND AS FOR A CAUSE OF ACTION-DEFAMATION

        4.     This action arises out of statements made by Defendant on his Facebook account where he referred to the Plaintiffs' in a defamatory manner.

        5.     "Medina is a low and filthy thief just like his friend Jonathan Barbieri of Pierde Almas-TOTALLY TRUE"

        6.     The Statements made were false and known to be false.

7.      This statement is a false and defamatory statement of fact. The defamatory impact of the statement is clear on its face.

8.      This statement is regarding the Plaintiffs.

9.      This statement was published to multiple third parties due to its publication on Facebook.

10.     By means of this publication, plaintiffs were greatly injured in their good name, reputation and business, and suffered pain and mental anguish, all to their damage.

11.     As a result of the defamatory statements. Plaintiffs have suffered damages of not less than One Million ($1,000,000.00) Dollars.

12.     The Derogatory comments are so outrageous that Plaintiffs should be awarded punitive damages of not less than Ten Million ($10,000,000.00) Dollars.

Wherefore, Plaintiffs demand Judgment in their defamation cause of action in the sum of One Million ($1,000,000.00) Dollars together with Punitive Damages in the sum of Ten Million ($10,000,000.00) Dollars.

Dated: New York, New York
       December 20, 2012

                              THE MORRISON LAW OFFICES, PC

                              /s/ Lawrence F. Morrison
                              By:  Lawrence F. Morrison, Esq.
                              Counsel to Plaintiff
                              87 Walker Street, 2nd Floor
                              New York, NY  10013
                              (212) 620-0938

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

JONATHAN BARBIERI and JULIAN MEDINA,

                 Plaintiffs,                        Index No.  157037/2012

     -against-

RON COOPER

                 Defendant.

-------------------------------------------------------------------X

## COMPLAINT

The Morrison Law Offices, PC
Complies with Rule 130-1-1a

*/S/ Lawrence F. Morrison*
Lawrence F. Morrison, Esq.
87 Walker Street, Floor 2
New York, New York 10013
(T) 212-620-0938
(F) 646-390-5095

# Exhibit G

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------x

JONATHAN BARBIERI and JULIEN MEDINA,          Index No. 157037/2012

                    Plaintiffs,

        -against-                              **STIPULATION**

RON COOPER,

                    Defendant.

------------------------------------------------x

It is hereby Stipulated and Agreed, by and between the undersigned attorneys for the parties herein as follows: The Defendant's Pre-Answer Motion to Dismiss and Plaintiffs' Cross-Motion in the above captioned matter returnable on January 7, 2013 are adjourned on consent to January 25, 2013. Facsimile signatures to be deemed originals. This Stipulation may be signed in counterparts.

Dated:    New York, New York
          January 4, 2013

MORRISON LAW OFFICES P.C.          SEGAL GEBSKI PLLC
Attorneys for Plaintiffs           Attorneys for Defendant


_____            _____
Lawrence F. Morrison, Esq.         Aleksandr Altshuler, Esq.
87 Walker Street                   825 Third Avenue
2nd Floor                          16th Floor
New York, New York 10013           New York, New York 10022
Tel: (212) 620-0938                Tel: (212) 244-2805

Exhibit H

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------x
JONATHAN BARBIERI and JULIEN MEDINA,

                    Plaintiffs,

     -against-

RON COOPER,

                  Defendant.
--------------------------------------------x

Index No.: 157037/2012

**NOTICE OF DEFENDANT'S
PRE-ANSWER CROSS-CROSS-
MOTION PURSUANT TO
CPLR § 8303-a**

S I R S  O R  M A D A M S:

**PLEASE TAKE NOTICE**, that upon the affirmation of Aleksandr Altshuler, Esq., dated January 14, 2013, and upon all prior pleadings and proceedings, Defendant RON COOPER will move this Court at Motion Support Part of this Court, Room 130, at the courthouse located at 60 Centre Street, New York, New York, on **January 25, 2013 at 9:30 A.M.**, or as soon thereafter as counsel can be heard, for an Order imposing sanctions on Plaintiffs and/or Plaintiffs' counsel pursuant to CPLR § 8303-a and 22 NYCRR § 130.1-1(a), and awarding to Defendant costs and reasonable attorneys' fees incurred in defending this action pursuant to CPLR § 8303-a and 22 NYCRR § 130.1-1(a), and for such other and further relief as to this court may seem just and proper.

**PLEASE TAKE FURTHER NOTICE**, pursuant to CPLR § 2214(b), answering papers in opposition to this motion, if any, are to be

served at least seven (7) days prior to the return date of this motion.


DATED:   NEW YORK, NEW YORK
         January 15, 2013

                              Yours, etc.,


                              _____
                              Aleksandr Altshuler, Esq.
                              SEGAL GEBSKI PLLC
                              *Attorneys for Defendant*
                              825 Third Avenue, 16th Floor
                              New York, New York 10022
                              Tel: (212) 244-2805
                              Fax: (866) 398-4999



TO:   LAWRENCE MORRISON, ESQ.
      MORRISON LAW OFFICES P.C.
      *Attorneys for Plaintiffs*
      87 Walker Street, 2nd Floor
      New York, New York 10013
      Tel: (212) 620-0938

Case 1:13-cv-00416-RPP   Document 1   Filed 01/17/13   Page 58 of 73

INDEX NO. 157037/2012

RECEIVED NYSCEF: 01/15/2013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------x
JONATHAN BARBIERI and JULIEN MEDINA,          Index No.: 157037/2012

                Plaintiffs,

                              **AFFIRMATION IN OPPOSITION
                              TO PLAINTIFFS' CROSS-MOTION**
      -against-                **PURSUANT TO CPLR § 3012(d)
                              AND IN SUPPORT OF DEFENDANT'S
                              CROSS-CROSS-MOTION PURSUANT
                              TO CPLR § 8303-a**

RON COOPER,

                Defendant.
----------------------------------------x

    ALEKSANDR ALTSHULER, an attorney duly admitted to practice
before the Courts of the State of New York, affirms the following
under penalties of perjury:

    1.   I am an attorney at Segal Gebski PLLC, attorneys for
Defendant RON COOPER, and am familiar with the facts and
circumstances of this matter based on our firm's reasonable
investigation of this matter.

    2.   I make this Affirmation in Opposition to Plaintiffs'
Cross-Motion in the above-captioned matter pursuant to CPLR §
3012(d) for the extension of time to file and serve the Complaint
in this case, and in support of Defendant's Cross-Cross-Motion
pursuant to CPLR § 8303-a for sanctions, as well as, an award of
costs and reasonable attorneys' fees incurred by Defendant.

    3.   Upon information and belief, on or about October 8,
2012, Plaintiffs instituted this action by filing a Summons with
Notice with the New York County Clerk.

    4.   Upon information and belief, on or about October 12,
2012, Plaintiffs attempted to serve the Summons with Notice by
delivering the same to Defendant's out-of-state residence via USPS
Express Mail.

5. Thereafter, upon information and belief, on or about October 26, 2012, Plaintiffs allegedly served the Summons with Notice on Defendant via substituted service by delivering the same to a person of suitable age and discretion at the usual place of abode of Defendant in Taos County, New Mexico.

6. Consequently, on or about October 26, 2012, Defendant served on Plaintiffs' counsel via USPS Express Mail the demand for a copy of the Verified Complaint pursuant to CPLR § 3012(b).

7. On or about November 5, 2012, the Demand for Verified Complaint was delivered to Plaintiffs' counsel and B. Connols signed the USPS form acknowledging receipt thereof.

8. On or about December 6, 2012, Defendant filed and served his Pre-Answer Motion to Dismiss pursuant to CPLR § 3012(b), made returnable on January 7, 2013. This motion was later adjourned on consent of all parties to January 25, 2013.

9. On or about December 10, 2012, Plaintiffs filed with the court a grossly defective Affidavit of Service that fails to specify the time of service, the address of the Defendant's usual place of abode to which a copy of the process was delivered, and more importantly the description of the person to whom it was so delivered, including, but not limited to, sex, color of skin, hair color, approximate age, approximate weight and height, and other identifying features, as required by CPLR § 306(b).

10. Besides, this Affidavit of Service was filed more than twenty (20) days from either the mailing of a copy of the process to Defendant - not later than October 12, 2012, or alleged delivery of the same to a person of suitable age and direction at Defendant's usual place of abode - on October 26, 2012. The Affidavit was filed with the court forty-five (45) days after the October 26 delivery, and thus, failed to comply with the provisions of CPLR § 308(2). Hence, the service was not properly

2

completed, and it is insufficient to confer any jurisdiction over this non-domiciliary Defendant.

11. Also, on or about December 10, 2012, Plaintiffs filed and served their Cross-Motion pursuant to CPLR § 3012(d) for the extension of time to file and serve the Complaint in this case.

12. According to CPLR § 3012(b), Plaintiffs had twenty (20) days from the service of Defendant's Demand for Verified Complaint to serve the complaint. Plaintiffs filed an unverified Complaint on December 21, 2012 – a month and a half after receipt of the Demand for Verified Complaint. This Complaint was promptly rejected by the undersigned upon receipt thereof.

13. Under CPLR § 3012(d), "the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default."

14. Plaintiffs' Cross-Motion is devoid of any reasonable excuse for Plaintiffs' delay or default in compliance with Defendant's Demand for Verified Complaint pursuant to CPLR § 3012(b) of October 26, 2012.

15. Plaintiffs' counsel puts forth only one explanation for this delay or default – "[Plaintiffs' counsel] needs additional time to get information from the client[s]." Plaintiffs' Aff. in Supp. at ¶7.

16. It is well settled that, for a plaintiff to avoid dismissal for failure to timely serve the complaint, a reasonable excuse for the delay and the meritorious nature of the claim must be demonstrated. *See Beltrez v. Chambliss*, 68 A.D.3d 681 (1st Dept. 2009) (citing *Jee Foo Realty Corp. v. Michael Lemle et al.*, 259 A.D.2d 401 (1st Dept. 1999)); *De Vito v. Marine Midland Bank N.A.*, 100 A.D.2d 530 (2nd Dept. 1984).

17. Here, Plaintiffs' cross-motion papers make a half-hearted attempt at showing a reasonable excuse by claiming that

additional time is required to obtain information from Plaintiffs, and fall short of the required standard. Moreover, Plaintiffs' papers lack any assertions to even suggest an existence of a meritorious claim against the Defendant. Plaintiffs did not submit any affidavit of merit, or any other evidentiary showing of merit.

18.    Plaintiffs instituted this action on October 8, 2012. Plaintiffs' counsel was served with the Defendant's Demand for Complaint on November 5, 2012, and only on December 6, 2012, did Defendant file his Motion to Dismiss.

19.    Thus, more than two (2) months have elapsed since the beginning of this lawsuit before Plaintiffs made this request for an extension of time to file and serve their Complaint due to their counsel's inability to obtain the information from Plaintiffs necessary to draft it. Plaintiffs made their request only after they defaulted in complying with Defendant's Demand for Complaint.

20.    Aside from the conclusory statement claiming the need for additional time to obtain information, Plaintiffs' papers fail to advance or explain how this two (2) month period was insufficient to obtain the necessary information from Plaintiffs.

21.    Therefore, the excuse of law office failure proffered by Plaintiffs for their delay amounts to mere inadvertence and inexcusable neglect. *See Beltrez v Chambliss*, 68 A.D.3d 681 (1st Dept. 2009) (citing *Egan v. Federated Dept. Stores*, 108 A.D.2d 718 (2nd Dept. 1985)).

22.    Not only did Plaintiffs fail to demonstrate a reasonable excuse for the undue delay in serving the Complaint, but they also failed to make any showing, whether adequate or not, that their claim has legal merit.

23.    Besides, on December 21, 2012, Plaintiffs filed a simple two-page Complaint, alleging a cause of action for defamation.

This Complaint was *not verified* by Plaintiffs or their attorney. (emphasis added)

24.   The simplicity of this Complaint further demonstrates that Plaintiffs' Cross-Motion does not deserve the exercise of the Court's discretion in Plaintiffs' favor. Undoubtedly, Plaintiffs did not require even a week to draft such a simple and short pleading.

25.   Lastly, the Court's acceptance of the scant excuse proffered by Plaintiffs under the facts of this case would foster noncompliance with the time requirements of the CPLR.

26.   Accordingly, this Court should deny the Plaintiffs' Cross-Motion and dismiss the above-captioned action due to Plaintiffs' failure to comply with Defendant's demand for a copy of the Verified Complaint pursuant to CPLR § 3012(b) and their failure to show a reasonable excuse for delay or default. *See Iafallo v. Dolan*, 162 A.D.2d 965 (4th Dept. 1990) (defendants were entitled to dismissal of the action, where plaintiff's affidavits in opposition to defendants' motion pursuant to CPLR § 3012(b) were insufficient to demonstrate a reasonable excuse for delay and that plaintiff's action had merit); *DeRosier v. Crowley*, 226 A.D.2d 1117 (4th Dept. 1996) (holding that the court erred in denying defendant's motion to dismiss for plaintiffs' failure to timely serve complaint where plaintiffs proffered no excuse for their delay and failed to submit affidavit of merit); *Dattoria v. Dattoria*, 161 A.D.2d 1009 (3d Dept. 1990) (holding that the court abused its discretion in conditionally allowing plaintiff's late service of the complaint and not dismissing the case outright pursuant to CPLR § 3012(b), where the motion was not successfully met by a satisfactory or credible excuse for default and an affidavit of merit); *Jones v. TSS Seedman's, Inc.*, 131 A.D.2d 728 (2d Dept. 1987) (finding that it was error, as a matter of law, not to unconditionally grant defendant's motion to dismiss for

failure to serve complaint under CPLR § 3012 where, in response to the motion, plaintiff submitted only the affirmation of her attorney who made no reference to the merits or the nature of plaintiff's case); *Jellinger v. Mollad*, 80 A.D.2d 872 (2d Dept. 1981) (where a plaintiff failed to move to be relieved of her default prior to her tardy service of the complaint and neither presented a reasonable excuse for her delay in serving the complaint nor submitted a sufficient affidavit containing an evidentiary showing of merit, the defendants were entitled to have their motions to dismiss granted and it was an abuse of discretion to deny the motions as academic on the ground that the complaint had eventually been served prior to the return date of the defendants' motion).

27. Moreover, Plaintiffs' Summons with Notice is in violation of CPLR § 305(b), because it fails to specify the nature of Plaintiffs' action against Defendant.

28. CPLR § 305(b) provides, in relevant part, that "[i]f the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought."

29. Plaintiffs' notice, however, states only that "[t]he nature of the first cause of action for money judgment for Damages in the sum of not less than Ten Million ($10,000,000.00) Dollars together with statutory interest." It does not explain the nature of this first cause of action for money judgment. As such, Plaintiffs' notice is in violation of CPLR § 305(b). Thus, it should be stricken by this Court.

30. Additionally, Plaintiffs lawsuit and Cross-Motion are frivolous, constituting grounds for sanctions against Plaintiffs and their counsel and award of Defendant's costs and reasonable attorneys' fees incurred in defending this action.

31.  It is well-established that conduct is frivolous and can be sanctioned under 22 NYCRR 130-1.1 if it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law or it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another. *See* 22 NYCRR 130-1.1[c][1][2]; *Levy v. Carol Mgmt. Corp.*, 260 A.D.2d 27 (1st Dept. 1999); *see also Stow v. Stow*, 262 A.D.2d 550 (2nd Dept. 1999); *Matter of Gordon v. Marrone*, 202 A.D.2d 104 (2nd Dept. 1994); *Tyree Bros. Envtl. Servs. v. Ferguson Propeller*, 247 A.D.2d 376 (2nd Dept. 1998).

32.  "Making claims of colorable merit can constitute frivolous conduct within the meaning of 22 NYCRR 130-1.1 if undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another." *Seeley v. Emerald Point Rest. & Mar., Inc.*, 2011 N.Y. Misc. LEXIS 5911 (N.Y. Sup. Ct. Aug. 3, 2011)(internal citations omitted).

33.  Specifically, Section 130-1.1 of the Rules of the Chief Administrator of the Courts states in pertinent part:

> (a) The court, in its discretion, may award to any party in any civil action or proceeding before the court, except where prohibited by law, costs in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney's fees, resulting from frivolous conduct as defined in this Part.
> … (c) For the purposes of this Part, conduct is frivolous if:
> … (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; In determining whether the conduct undertaken was frivolous, the court shall consider, among other issues, (1) the circumstances under which the conduct took place, including the time available for investigating the legal or factual basis of the conduct; and (2) whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party.

22 NYCRR § 130-1.1.

34.  In determining whether the conduct undertaken was frivolous, the court shall consider the circumstances under which the conduct took place, including the time available for investigating the legal and factual basis for the conduct, and whether or not the conduct was continued when its lack of legal or factual basis was apparent, should have been apparent, or was brought to the attention of counsel or the party. See Seeley v. Emerald, 2011 N.Y. Misc. LEXIS 5911 at *8-9.

35.  In addition, CPLR § 8303-a calls for the award of "costs and reasonable attorney's fees not exceeding ten thousand dollars" against a party, his attorney, or both, who are found to have brought a frivolous action in bad faith or as a means of harassing the successful adversary. See Nyitray v. New York Athletic Club in City of New York, 274 AD2d 326, 327 (1st Dept. 2000). A similar alternate imposition of costs and financial sanctions is available under the Rules of the Chief Administrator of the Courts (22 NYCRR § 130-1.1 supra) for frivolous conduct in pursuit of such litigation. See id. Once there is a finding of frivolousness, sanction is mandatory, especially in the wake of frivolous defamation litigation. See id.

36.  In the instant case, after almost three (3) months since the filing of the instant lawsuit, Plaintiffs filed an unverified Complaint revealing the nature of their claims. Despite having sufficient opportunity and time to, at the very least, specify the nature of this action, Plaintiffs failed to do so and asked for additional time to put forth their basic allegations, which amounted to barely two pages.

37.  Thus, the instant lawsuit is nothing but a frivolous action filed by Plaintiffs primarily to harass or maliciously injure Defendant. Similarly, for reasons stated above, it is

evident that Plaintiffs' Cross-Motion was brought primarily to delay or prolong the resolution of this litigation.

38. Lastly, Plaintiffs' Summons with Notice and Cross-Motion contain Plaintiffs' counsel's signature underneath a statement certifying compliance with 22 NYCRR § 130-1.1, which is an attestation that the submitted documents are not frivolous based on the attorney's information and belief and reasonable inquiry.

39. Nonetheless, based on the defects in the Summons with Notice identified above, as well as, Plaintiffs' unexcused delay in serving the Verified Complaint together with the unreasonable excuse for such proffered by Plaintiffs in their Cross-Motion, it is evident that the instant lawsuit is frivolous and that Plaintiffs' counsel's 130-1.1 certifications were made in bad faith. Plaintiffs' counsel undoubtedly had an opportunity to speak to his clients about the nature of their claim against Defendant prior to filing the instant action, and even more so, upon his receipt of Defendant's Demand for Complaint.

40. Furthermore, the fact that the Complaint, finally filed by Plaintiffs almost three (3) months after the suit was instituted, *was not verified* in any manner whatsoever speaks volumes as to the frivolous nature of the allegations contained therein. (emphasis added)

41. Therefore, the court should award to Defendant his costs and reasonable attorneys' fees incurred in defending this action.

WHEREFORE, it is respectfully requested that Plaintiffs' Cross-Motion be denied due to Plaintiffs' failure to show a reasonable excuse, Defendant's Pre-Answer Motion to Dismiss be granted in its entirety, dismissing this action due to Plaintiffs' failure to comply with Defendant's demand for a copy of the Verified Complaint pursuant to CPLR § 3012(b), and Defendant's Cross-Cross-Motion for sanctions, costs and attorneys' fees be

granted in its entirety, and for such other and further relief as the Court deems just and proper.

DATED:   New York, New York
         January 14, 2013

                                    Yours etc.,


                                    _____
                                    Aleksandr Altshuler, Esq.
                                    SEGAL GERSKI PLLC
                                    *Attorneys for Defendant*
                                    825 Third Avenue, 16th Floor
                                    New York, New York 10022
                                    (212) 244-2805


CC:   LAWRENCE MORRISON, ESQ.
      MORRISON LAW OFFICES P.C.
      *Attorneys for Plaintiffs*
      87 Walker Street, 2nd Floor
      New York, New York 10013
      Tel: (212) 620-0938

Index No.: 157037/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------
JONATHAN BARBIERI and JULIEN MEDINA,

                                        Plaintiffs,

                        -against-


RON COOPER,

                                        Defendant.
--------------------------------------------------------------------


AFFIRMATION IN OPPOSITION TO PLAINTIFFS' CROSS-MOTION
AND IN SUPPORT OF DEFENDANT'S CROSS-CROSS-MOTION


SEGAL GEBSKI PLLC
*Attorneys for Defendant*
Office and P.O. Address
825 Third Avenue, 16th Floor
New York, New York 10022
Tel: (212) 244-2805
Fax: (866) 398-4999


Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney
admitted to practice in the courts ·of New York State, certifies
that, upon information and belief and reasonable inquiry, the
contentions contained in the annexed document(s) are not
frivolous.

                                _____
                                Aleksandr Altshuler, Esq.

AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
COUNTY OF NEW YORK       )      ss.:


LUKASZ BIENIEK, being duly sworn, deposes and says:

That he is not a party to the action, is over 18 years of age and resides in New York, New York.

That on the 15th day of January, 2013 he served the within this **DEFENDANT'S PRE-ANSWER CROSS-CROSS-MOTION AND OPPOSITION TO PLAINTIFFS' CROSS-MOTION** by depositing a copy thereof enclosed in a postpaid addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within New York State addressed to the following person at the last known address furnished by them:

> LAWRENCE MORRISON, ESQ.
> MORRISON LAW OFFICES P.C.
> *Attorneys for Plaintiffs*
> 87 Walker Street, 2nd Floor
> New York, New York 10013

_____
LUKASZ BIENIEK

Signed and sworn to before me
this 15th day of January, 2013.

_____
Notary Public

ALTSHULER ALEKSANDR
NOTARY PUBLIC-STATE OF NEW YORK
No. 02AL6267680
Qualified in Kings County
My Commission Expires August 20, 2016

Index No.: 157037/2012

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------
JONATHAN BARBIERI and JULIEN MEDINA,

                                    Plaintiffs,

          -against-


RON COOPER,

                                    Defendant.
-----------------------------------------------------------------


=================================================================

          DEFENDANT'S PRE-ANSWER CROSS-CROSS-MOTION

=================================================================

                    SEGAL GEBSKI PLLC
                 *Attorneys for Defendant*
                 Office and P.O. Address
              825 Third Avenue, 16th Floor
                New York, New York 10022
                    Tel: (212) 244-2805
                    Fax: (866) 398-4999

-----------------------------------------------------------------

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney
admitted to practice in the courts of New York State, certifies
that, upon information and belief and reasonable inquiry, the
contentions contained in the annexed document(s) are not
frivolous.

                              _____
                              Aleksandr Altshuler, Esq.

Exhibit I

NYSCEF
New York County Supreme Court

Document List

Index/Claim #   157037/2012

Created on:01/16/2013 05:24 PM

Case Caption:   Jonathan Barbieri et al - v. - Ron Cooper

Judge Name:   Anil Singh

| Doc# | Document Type/Description | Status | Date Received | Filed By |
|------|---------------------------|--------|---------------|----------|
| 1 | SUMMONS WITH NOTICE | Processed | 10/08/2012 | Morrison, L. |
| 2 | NOTICE OF MOTION<br>Pre-Answer Motion to Dismiss | Processed | 12/06/2012 | Altshuler, A. |
| 3 | RJI -RE: NOTICE OF MOTION | Processed | 12/06/2012 | Altshuler, A. |
| 4 | NOTICE OF CROSS-MOTION<br>Cross Motion for Extension of Time | Processed | 12/10/2012 | Morrison, L. |
| 5 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>AOS of Complaint | Processed | 12/10/2012 | Morrison, L. |
| 6 | AFFIRMATION/AFFIDAVIT OF SERVICE<br>Affirmation of Service of Cross Motion | Processed | 12/13/2012 | Morrison, L. |
| 7 | COMPLAINT<br>Complaint | Processed | 12/21/2012 | Morrison, L. |
| 8 | STIPULATION TO ADJOURN MOTION<br>Stipulation to Adjourn on Consent Pre-Answer Motion to<br>Dismiss and Cross-Motion | Processed | 01/04/2013 | Altshuler, A. |
| 9 | NOTICE OF CROSS-MOTION<br>Notice of Defendant's Pre-Answer Cross-Cross-Motion | Processed | 01/15/2013 | Altshuler, A. |
| 10 | AFFIDAVIT OR AFFIRMATION IN OPPOSITION TO<br>MOTION AND IN SUPPORT OF CROSS-MOTION<br>Affirmation in Opposition to Plaintiffs' Cross-Motion and<br>in Support of Defendant's Cross-Cross-Moti(..) | Processed | 01/15/2013 | Altshuler, A. |

Case No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------

JONATHAN BARBIERI and JULIAN MEDINA,

Plaintiffs,

    -against-

RON COOPER,

Defendant.

-------------------------------------------------------------------------------------------


## NOTICE OF REMOVAL


SEGAL GEBSKI PLLC
*Attorneys for Defendant*
825 Third Avenue, 16th Floor
New York, New York 10022
(212) 224-2805
